IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| RICHARD DOUGLAS CULLINAN, | ) | CASE NO: 22-51326-WLH |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT, AND FOR HEARING
ON MOTION TO APPROVE SETTLEMENT AGREEMENT AND CONFIRMING
TREATMENT OF CLASS 1 AND CLASS 4 OF THE PLAN**

The above-captioned Debtor and debtor-in-possession (the "**Debtor**") has filed a *Motion for Approval of Settlement Agreement and Confirming Treatment of Class 1 and Class 4 of the Plan* (the "**Motion**") on February 14, 2023. In the Motion, the Debtor seeks approval of a Settlement Agreement with Coastal States Bank, Fifth Third, and Christina Cullinan resolving all claims in these bankruptcy cases, the related adversary proceeding pending in the Northern District of Georgia, and all other claims between the parties.

Pursuant to the Second Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at United States Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, and serve a copy on the movant's attorney, Rountree Leitman Klein & Geer, Attn: Will Geer, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, Georgia 30329, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **March 16, 2023,** the Court will hold an initial telephonic hearing for announcements on the Motion at the following number: **toll-free number 833-568-8864; Meeting ID: 161 202 1574**, at **1:30 p.m**. in Courtroom 1403, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the**

**relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no response or objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: February 14, 2023            R<small>OUNTREE</small> L<small>EITMAN</small> K<small>LEIN</small> &G<small>EER</small>, LLC

<u>/s/ Will B. Geer</u>
Will Geer, Ga. Bar No. 940493
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
*Attorneys for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| RICHARD DOUGLAS CULLINAN, | ) | CASE NO: 22-51326-WLH |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CONFIRMING TREATMENT OF CLASS 1 AND CLASS 4 OF THE PLAN

The above captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, file this *Motion for Approval of Settlement Agreement and Treatment of Class 1 and Class 4 of the Plan* (the "**Motion**") by and between the Debtor, Christina Cullinan, Fifth Third Bank ("**Fifth Third**"), and Coastal States Bank ("**CSB**"). In support hereof, the Debtor shows as follows:

### JURISDICTION, VENUE, AND BACKGROUND

1. The Debtor filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") on February 17, 2022 (the "**Petition Date**").

2. No creditors' committee has been appointed in these cases, and no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor consent to the entry of final orders or judgments by the Bankruptcy Court.

4. The Debtor sold the Property (which was Debtor's principal residence) on May 27, 2022 pursuant to the Sale Order [Docket No. 49] entered by this Court. Debtor filed a Report of Sale regarding the Property on June 2, 2022 [Docket No. 55].

5. As disclosed on the Settlement Statement, Debtor's counsel was wired $704,787.88 at the closing of the sale after the $41,836.60 security deed held by CSB was paid in full and certain other closing expenses were paid.

6. The Sale Order provided that Debtor's counsel shall hold the amount in dispute over CSB's cancelled lien in its escrow account pending further order of this Court and promptly file a motion to disburse the remaining Sales Proceeds to the appropriate parties. After deducting the disputed $377,657.13 representing CSB's asserted first priority lien on the Property from the $704,787.88 of remaining Sales Proceeds, Debtor filed a motion to disburse certain sales proceeds [Docket No. 56], and the Court granted the motion to disburse the following Sales Proceeds on July 5, 2022 [Docket No. 65]:

| Party | Amount |
| --- | --- |
| Fifth Third Bank (Judgment Lien Holder) | $142,065.38 |
| Richard Cullinan (Debtor) | $21,500.00 |
| Christina Cullinan (Joint Owner/Spouse) | $163,565.37 |

7. On May 18, 2022, CSB filed an adversary proceeding against Mr. Cullinan, Mrs. Cullinan, Fifth Third, and Credibility Capital, Inc., seeking to rescind the cancellation filed pre-petition against the Property and establish that the First Security Deed is a first priority lien encumbering the Property. The adversary proceeding was assigned Case No. 22-05078-wlh (the "**Adversary**").

8. On October 27, 2022, the Court entered an Order in the Adversary denying CSB's Motion for Summary Judgment and granting the Motion for Summary Judgment filed by Mr. and Mrs. Cullinan (the "**Summary Judgment Order**"). The Summary Judgment Order further ordered that CSB's claim in the bankruptcy case is unsecured.

9. On October 31, 2022, CSB filed a Notice of Appeal of the Summary Judgment Order. The appeal has been docketed in the United States District Court for the Northern District of Georgia as Case No. 1:22-cv-04355-SCJ (the "**Appeal**").

10. The Debtor, Christina Cullinan, Fifth Third, and CSB have reached an agreement resolving the Adversary Proceeding, the Appeal, and all claims therein. The terms of their agreement are incorporated into a settlement agreement (the "**Settlement Agreement**"), a true and correct copy of which is attached hereto as **Exhibit A**.[1]

11. Pursuant to the confirmed Plan, the salient part of CSB's Class 1 treatment provides:

> Prior to the Petition Date, CSB filed a cancellation of the CSB 1st Security Deed. As a result, the Secured Class 1 Claim shall be treated in its entirety as an unsecured claim in Class 7 and shall be entitled to vote as a Class 7 creditor. *If CSB's claim is determined to be secured in the pending adversary proceeding before this Court in case no. 22-05078, CSB shall receive the full value of its secured claim as determined by a final order and judgment in this Court.* (emphasis added).

12. Pursuant to the confirmed Plan, Fifth Third's treatment is as follows:

> Class 4 consists of the secured claim of Fifth Third Bank ("Fifth Third"). Upon information and belief, Fifth Third asserts a judgment lien upon all Debtor's assets. Debtor has filed a motion to seek avoidance of Fifth Third's judgment lien to the extent it impairs Debtor's bankruptcy exemptions in his Residence and other personal property. Debtor has also filed a motion requesting court authority to sell his Residence. *Fifth Third shall receive whatever proceeds from the sale of the Residence it is entitled to after avoidance of its judgment lien and other entitled parties are paid from the sale pursuant to separate court order. The remaining deficiency claim shall be treated in Class 7 as an unsecured claim.* (emphasis added).

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

~ 5 ~

13. The Settlement Agreement and an order granting the requested relief herein would constitute a "final order and judgment" regarding CSB's secured claim and the "separate court order" regarding the amount Fifth Third is entitled to from the Sales Proceeds of the Property (the "Residence" as defined in the Plan).

14. Pursuant to the Settlement Agreement, the parties propose the following terms regarding the Sales Proceeds and the treatment of Class 1 and Class 4 deficiency claims:

   a. $20,000.01 to Mrs. Cullinan;
   b. $178,828.56 to CSB; and
   c. $178,828.56 to Fifth Third.
   d. Any balance due to CSB and Fifth Third, after payment of the Disputed Proceeds, on the claims they have asserted in the Bankruptcy Case shall be paid as an unsecured claim pursuant to the confirmed plan in the Bankruptcy Case.

### RELIEF REQUESTED

15. By this Motion, the Debtors request that the Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit B** approving the Settlement Agreement and granting related relief.

### BASIS FOR RELIEF REQUESTED

16. The Debtor requests that the Court approve the settlement and transactions contemplated by the Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 ("**Rule 9019**"). Under Rule 9019, the Court has discretionary authority to approve a compromise of a controversy or dispute. *See Protective Comm. for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Continental Airlines, Inc. v. Airline Pilots Ass'n Infl. (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990).

17. Whether to approve a proposed compromise is a matter within the sound discretion of the Bankruptcy Court and pre-trial settlements are favored by the courts. *See In re Munford,*

*Inc.*, 97 F.3d 449, 455 (11th Cir. 1996); *In re AWECO, Inc.*, 725 F.2d 293, 297 (11th Cir. 1984); *In re Grot*, 291 B.R. 204, 208 (Bankr. M.D. Ga. 2003). Bankruptcy settlements are a "normal part of the bankruptcy process" and "desirable and wise methods of bringing to close proceedings otherwise lengthy, complicated and costly." *TNT Trailer*, 390 U.S. at 424 (1986).

18. According to the Eleventh Circuit Court of Appeals, in deciding whether to approve a proposed settlement, a bankruptcy court should evaluate: (a) the probability of success in litigation, with due consideration for the uncertainty of the facts and the law; (b) the difficulties, if any, to be encountered in collecting on a judgment; (c) the complexity and likely direction of the litigation and any attendant expense, inconvenience and delay; and (d) the paramount interest of the creditors and a proper deference to their reasonable use. *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

19. Whether a proposed settlement is a product of an arms-length negotiation is a factor bearing on the wisdom of the compromise. *In re Cajun Elec. Power Co-Op, Inc.*, 119 F.3d 349, 356 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 918 (5th Cir. 1995). Additionally, determining whether the settlement is in the best interest of the estate is an important consideration. *See, e.g., Cajun Elec.,* 119 F.3d at 356. Generally, the role of the bankruptcy court, when evaluating a proposed settlement is not to decide the issues in dispute by conducting a mini-trial. Instead, the bankruptcy court should determine whether the settlement is fair and equitable as a whole. *See, e.g., Cajun Elec.,* 119 F.3d at 355-56; *In re Joiner*, 319 B.R. 903, 907 (Bankr. M.D. Ga. 2004); *Grot*, 291 B.R. at 208 (2003).

20. Here, the Debtor has considered (i) the cost of litigation, (ii) the current status of the litigation and the appeal, (iii) the strain on all parties involving the appeal, and (iv) other factors

justifying the prompt and efficient resolution of the matter, including resolving any issues regarding plan disbursement that have arisen since the Appeal.

21. The Debtor believes that approval of the Settlement Agreement is in the best interest of the estate and creditor and will be beneficial to the restructuring process.

WHEREFORE, having filed this Motion, the Debtor prays the Motion be granted, the Settlement Agreement be approved, and that the Court grant Debtor such other and further relief as it may deem just and proper.

Dated: February 14, 2023

**ROUNTREE LEITMAN KLEIN &GEER, LLC**

*/s/ Will Geer*
Will Geer, Ga. Bar No. 940493
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
*Attorneys for the Debtor*

## Exhibit A

**Settlement Agreement**

# SETTLEMENT AGREEMENT

1. **PARTIES**

   This Settlement Agreement (the "Agreement") is made and entered into on the last day set forth on the signature page hereto (the "Effective Date") by Coastal States Bank ("CSB"), Richard Douglas Cullinan ("Mr. Cullinan"), Christina M. Cullinan ("Mrs. Cullinan"), and Fifth Third Bank, N.A. ("Fifth Third") (CSB, Mr. Cullinan, Mrs. Cullinan, and Fifth Third) are sometimes collectively referred to as the "Parties") for the purpose of resolving by compromise and settlement all claims, liabilities, and disputes arising out of a dispute between the Parties.

2. **RECITALS**

   This agreement is entered into with reference to the following facts (together, the facts shall constitute the basis for the "Dispute"):

   A. On August 21, 2017, Mr. Cullinan obtained a loan from Cornerstone Bank ("Cornerstone") in the amount of $404,969.00 (the "Loan"). As evidence of the Loan, Mr. Cullinan executed a promissory note (the "Note") in favor of Cornerstone.

   B. Mr. Cullinan and Mrs. Cullinan executed a Security Deed conveying the property located at 305 Cannady Court, Atlanta, GA 30350 (the "Property") to Cornerstone, which was recorded on August 29, 2017, in Deed Book 57896, Page 402, Fulton County, Georgia records (the "First Security Deed").

   C. Mr. Cullinan and Mrs. Cullinan owned the Property as joint tenants with rights of survivorship.

   D. On or around August 21, 2017, Mr. Cullinan and Ms. Cullinan executed a Home Equity Line of Credit Security Deed in favor of Cornerstone, recorded on August 29, 2017, in Deed Book 57896, Page 414, Fulton County, Georgia records (the "Second Security Deed"). The Second Security Deed secured a line of credit up to $50,000.00.

   E. On January 16, 2020, Cornerstone executed a Cancellation of Deed to Secure Debt (the "Cancellation"), purporting to cancel the First Security Deed. The Cancellation was recorded on January 30, 2020, in Deed Book 61111, Page 344, Fulton County, Georgia records.

   F. At the time that the Cancellation was recorded, the Loan was not paid in full and the Cancellation erroneously states that the Loan was "paid in full . . ."

   G. On August 17, 2021, Fifth Third Bank recorded a Writ of Fieri Facias against Mr. Cullinan (and other entities) in Lien Book 5150, Page 670, Fulton County, Georgia records (the "Fifth Third FiFa"). The Fifth Third FiFa is in the face amount of $1,003,898.97

H. On February 17, 2022, Mr. Cullinan filed Chapter 11 Bankruptcy, Case No. 22-51326 (Bankr. N.D. Ga.) (the "Bankruptcy Case").

I. In 2021, CSB purchased Cornerstone Bank. *Id.* at ¶ 9. CSB is the current holder of the Note and successor in interest to Cornerstone *Id.*

J. On May 18, 2022, CSB filed an adversary proceeding against Mr. Cullinan, Mrs. Cullinan, Fifth Third, and Credibility Capital, Inc., seeking to rescind the Cancellation and establish that the First Security Deed is a first priority lien encumbering the Property. The adversary proceeding was assigned Case No. 22-05078-wlh (the "Adversary").

K. On June 20, 2022, Mr. Cullinan filed a counterclaim against CSB in the Adversary, seeking to avoid the First Security Deed under 11 U.S.C. § 544.

L. On May 26, 2022, the Court entered an Order in the Bankruptcy Case granting Mr. Cullinan's Motion to Sell Real Property, which approved a sale of the Property. The Order provided that "[u]pon closing of the Sale, all liens, claims, and encumbrances on the Property shall attach to the proceeds of the Sale . . . to the same extent, validity, and priority as they existed on the Petition Date, unless the Court has entered an order avoiding all or any portion of a creditor's lien."

M. The sale of the Property closed on May 27, 2022. The Second Security Deed was paid off at the closing. After the satisfaction of the Second Security Deed and other expenses paid at closing, $704,787.88 remained (the "Remaining Proceeds").

N. On June 6, 2022, Mr. Cullinan filed a motion (the "Disbursement Motion") in the Bankruptcy Case to disburse all of the Remaining Proceeds except for $377,657.13 (the "Disputed Proceeds") representing CSB's asserted first priority lien on the Property . . . ." The Disbursement Motion was granted on July 5, 2022.

O. On October 27, 2022, the Court entered an Order in the Adversary denying CSB's Motion for Summary Judgment and granting the Motion for Summary Judgment filed by Mr. and Mrs. Cullinan (the "Summary Judgment Order"). The Summary Judgment Order further ordered that CSB's claim in the bankruptcy case is unsecured.

P. On October 31, 2022, CSB filed a Notice of Appeal of the Summary Judgment Order. The appeal has been docketed in the United States District Court for the Northern District of Georgia as Case No. 1:22-cv-04355-SCJ (the "Appeal").

The Parties, without in any way conceding the validity or sufficiency of any claim or contention of any or all the Parties, and without admitting liability, now desire to fully compromise, finally settle and fully release all claims, disputes and differences related to the Dispute.

3. **AGREEMENTS AND PROMISES**

THEREFORE, in consideration of the facts and mutual promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

1. Within fourteen (14) days of the Effective Date, Mr. Cullinan shall cause a motion to be filed and/or a consent order submitted in the Bankruptcy Case to disburse the Disputed Proceeds as follows:

    a. $20,000.01 to Mrs. Cullinan;
    b. $178,828.56 to CSB; and
    c. $178,828.56 to Fifth Third.

2. Any balance due to CSB and Fifth Third, after payment of the Disputed Proceeds, on the claims they have asserted in the Bankruptcy Case shall be paid as an unsecured claim pursuant to the confirmed plan in the Bankruptcy Case.

3. Within five (5) days of the Bankruptcy Court entering an Order granting the motion described in Paragraph 3.1 herein or submitting a consent order resolving the treatment of CSB and Fifth Third under the confirmed plan, CSB shall cause the Appeal to be voluntarily dismissed.

4. This agreement is entered into in the State of Georgia and the Agreement and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of the State of Georgia.

5. This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

6. If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement or the claims which are the subject of this Agreement, the prevailing Party or Parties shall be entitled to recover damages, fees and other costs incurred in such litigation, provided such expenses are proven to be the direct and proximate result of any breach hereof. Additionally, such prevailing Party or Parties may also be entitled to any other relief provided by law.

7. The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision, or part shall be severed from the remaining portions, provisions, or parties.

8. This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

9. The Parties acknowledge that this Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have or had the opportunity for representation in the negotiation for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement, and have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal affect.

10. This Agreement shall be effective as a full and final accord and satisfaction and release of each matter in connection with those matters set forth hereinabove.

11. This Agreement shall be binding on and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assignees.

12. This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties and the terms of the Agreement are contractual and not merely recitals.

13. This Agreement constitutes that there is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement, or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

14. The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

15. This Agreement may be executed in counterpart facsimile signatures and all such counterparts shall constitute a single form of this Agreement.

16. This Agreement pertains to any acts occurring prior to the date of execution.

**[SIGNATURES ON FOLLOWING PAGE]**

Document      Page 14 of 18

**IN WITNESS WHEREOF**, the Parties hereto have caused this document to be executed on the last day set forth below.

Dated _____        _____
                                                                                        **Richard Douglas Cullinan**

STATE OF FLORIDA
COUNTY OF _____

Personally appeared before me, _____, a notary public, Richard Douglas Cullinan, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that such person executed the within instrument for the purposes therein contained.

Witness my hand, at office, this \_\_\_\_\_ day of _____, 2023.

Dated _____        _____
                                                                                        **Christina M. Cullinan**

STATE OF FLORIDA
COUNTY OF _____

Personally appeared before me, _____, a notary public, Christina M. Cullinan, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that such person executed the within instrument for the purposes therein contained.

Witness my hand, at office, this \_\_\_\_\_ day of _____, 2023.

**[SIGNATURES CONTINUE ON FOLLOWING PAGE]**

*Coastal States Bank v. Cullinan et al. (In re Cullinan)* – Settlement Agreement

**Coastal States Bank**

Dated _____

By: _____

Printed Name: _____

Title: _____

**Fifth Third Bank, N.A.**

Dated _____

By: _____

Printed Name: _____

Title: _____

**Exhibit B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| RICHARD DOUGLAS CULLINAN, | ) | CASE NO: 22-51326-WLH |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING**
**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Upon consideration of the motion (the "**Motion**")[1] of the Debtor for Approval of his Settlement Agreement regarding the Adversary Proceeding with Christina Cullinan, Fifth Third Bank ("**Fifth Third**"), and Coastal States Bank ("**CSB**"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1409; and notice of the opportunity to respond and for hearing having been provided pursuant to the procedures set forth in Second Amended and Restated General Order No. 24-2018; and no response to the Motion having been filed prior to the response deadline; the Court having considered the Motion and all other matters of record, including the lack of a response to the Motion; and based on the forgoing, no further notice or hearing is required; the Court finds that good cause exists to grant the relief requested in the Motion. Accordingly,

It is hereby **ORDERED** as follows:

1. The Motion is GRANTED.

2. The Debtor is authorized to enter into the Settlement Agreement attached to the Motion as **Exhibit A**, which is hereby APPROVED.

3. This Order shall be effective and enforceable immediately upon entry hereof.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Order shall resolve the treatment of CSB's Class 1 treatment and Fifth Third's Class 4 treatment under the confirmed Plan, including the treatment of their deficiency claims under Class 7 of the confirmed Plan. Debtor's counsel is authorized to disburse the funds to the parties pursuant to the terms of the Settlement Agreement, and any balance due to CSB and Fifth Third, after payment of the Disputed Proceeds (as defined in the Settlement Agreement), on the claims they have asserted in the Bankruptcy Case shall be paid as an unsecured Class 7 claim pursuant to the confirmed plan in the Bankruptcy Case.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Will Geer*
Will Geer, Ga. Bar No. 940493
Elizabeth A. Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
*Attorneys for the Debtor*


**Distribution List**

Will Geer
ROUNTREE LEITMAN KLEIN &GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303